ANNIE M. J. MATTESON *vs.* AMBROSE CHOQUET.

APRIL 9, 1914.

PRESENT:   Johnson, C. J., Parkhurst, Sweetland, Vincent, and Baker, JJ.

(1)   *Poor Debtor's Oath.*

Where after one application of a committed debtor to take the poor debtor's oath had been denied, a second application was made upon which the justice issued a citation to the committing creditor containing the statement that there had been a change of circumstances after taking out the first citation in that the debtor had made a general assignment for the benefit of his creditors, upon writ of prohibition to restrain the justice from hearing the application, the court will not consider in such proceeding facts tending to show that property alleged to have been transferred by debtor in fraud of creditors had not been brought under the control of the assignee and that no other property of debtor had been actually conveyed to said assignee.

(2)   *Poor Debtor's Oath.   Jurisdiction.*

In order to obtain another citation after denial of an application to take the poor debtor's oath, the debtor must submit to the magistrate proof of some change of circumstances since the taking out of the first citation, but the magistrate is made the sole judge upon *ex parte* hearing of the facts alleged as showing such change, and if in his opinion such change has occurred it is his duty to issue the citation.

(3)   *Poor Debtor's Oath.   Change of Circumstances.*

An assignment for the benefit of creditors would constitute such a change of circumstances under Gen. Laws, 1909, cap. 326, sec. 11, as would warrant

the issuance of another citation to the committing creditor, provided the assignment appeared to the satisfaction of the magistrate to be a valid assignment in proper form.

(4)   *Poor Debtor's Oath.   Change of Circumstances.*

Upon hearing of a petition to take the poor debtor's oath, upon the merits, the question whether upon all the facts there has been such material change of the debtor's circumstances as would entitle him to a discharge, since the taking out of the first citation is to be determined, without regard to the finding of the magistrate upon the preliminary *ex parte* consideration of the matter.

(5)   *Poor Debtor's Oath.   Transfer in Fraud of Creditors.*

Upon a second petition to take the poor debtor's oath if it is established that debtor has transferred property in fraud of creditors, the oath should not be administered, although the magistrate may be satisfied that there has been a change of debtor's circumstances since the hearing on his former petition.

WRIT OF PROHIBITION.     Petition for writ denied.

PER CURIAM.    This is a petition for a writ of prohibition to restrain and prohibit the respondent, justice of the district court· of the eleventh judicial district, from hearing the petition of Thomas H. Holton that he be admitted to take the poor debtor's oath.

It appears that said Holton is imprisoned in the Providence County Jail on an execution awarded against him in an action of trespass on the case for deceit; that on March 12th, 1914, said Holton petitioned the justice of the district court of the seventh judicial district that he be allowed to take said oath and be discharged from his commitment in jail upon said execution; that at a hearing on said last named petition on March 23d, 1914, said justice of the district court of the seventh judicial district denied said petition and refused to administer the poor debtor's oath to said Holton; that on March 30th, 1914, said Holton petitioned this respondent as justice of a district court in the county of Providence to admit him to take said oath; that on March 31st, 1914, the respondent issued a citation to the committing creditor of said Holton to appear at said jail on April 7th,

1914, to show cause, if any she have, why said Holton should not have the benefit of the act for the relief of poor debtors; that by reason of the pendency of this proceeding before us the hearing on the last named petition of said Holton has been continued by the respondent to April 9th, 1914; that the following statement was annexed to said citation issued by the respondent to said committing creditor: "That he has already taken out citation to his committing creditor hereinafter named, but upon trial thereof was not admitted to take said oath, but that there has been a change of circumstances after taking out said citation, in this: that he has since made a general assignment for the benefit of his creditors."

General Laws, 1909, Chapter 326, Section 11, is as follows: "If a debtor take out a citation to his committing creditor and have the same served and subsequently withdraw the same, or if upon trial he shall not be admitted to take the oath above prescribed, he shall not be entitled to another citation to the same creditor unless on proof of some change of circumstances after the taking out of the first citation, a statement of which change of circumstances shall be annexed to or recited in the second citation and form a part thereof."

This petitioner claims that there has been no change of the debtor's circumstances as stated in the citation issued by the respondent; that the respondent is about to assume jurisdiction improperly and hear the petition of said Holton; and that a writ of prohibition should issue to restrain such unlawful assumption of jurisdiction by the respondent.

We are of the opinion that the objections of the petitioner to the form of the citation and the manner in which it was issued by the respondent are without merit and require no discussion herein.

(1) The question involved in the petitioner's claim that the respondent is without jurisdiction to hear the petition of said Holton has been fully considered and determined by this court in *Angell* v. *Robbins*, 4 R. I. 493, and in *Burdick* v.

*Simmons,* 9 R. I. 17. The petitioner has endeavored to show to us that since the commencement of the suit against said Holton in which said execution was awarded, said Holton has transferred certain shares of stock with intent to secure the same for his wife in fraud of his creditors; that said shares of stock have not been brought under the control of the assignee in the assignment named in the citation issued by the respondent and that no other property of said Holton has been actually conveyed to said assignee for the benefit of creditors. These are matters which we will not consider in this proceeding.

(2)    In *Angell* v. *Robbins, supra,* this court has said: "The condition is, that the debtor shall submit to the justice proof of some change of circumstances since the taking out of the first citation. If he produce such proof, the magistrate is then authorized to summon the creditor, provided the magistrate recite in the citation the change of circumstances as to which the satisfactory proof is offered. The production of proof,—of evidence of any fact, implies an exercise of judgment thereon by the person to whom it was addressed. It is presented to him for that purpose, and his duty is to weigh and consider it. He is made the judge of it, and the sole judge. If, in his opinion, upon the proof, the change of circumstances has occurred, his duty is to issue the citation, and it becomes the right of the debtor to demand it. A power to hear and determine is jurisdiction."

In considering whether there had been a change of the debtor's circumstances before a second citation was issued this court said in *Burdick* v. *Simmons,* 9 R. I. 17: "In regard to the other point, whether the facts stated constitute a sufficient change of circumstances, we are of opinion, that an assignment executed under the poor debtor's act would constitute a change of circumstances, such as the law requires to justify the issuing of a second citation."

(3)    The making of an assignment for the benefit of his creditors by the debtor Holton, equally with an assignment to the jailer made by a debtor for the benefit of his creditors under

the poor debtor's act, would constitute such a change of the debtor's circumstances as would warrant the issuance of said citation, provided said assignment of Holton appeared to the satisfaction of said respondent to be a valid assignment in proper form.

(4) The respondent had full jurisdiction upon *ex parte* hearing to judge whether a change of circumstances had occurred. Having determined that there had been such a change he properly issued his citation; and he now has full jurisdiction to hear and determine the petition. At the hearing upon the merits of the petition this question will be presented to the respondent again; and, without regard to his finding upon the preliminary *ex parte* consideration of the matter, he must determine whether upon all the facts presented on both sides and in all the circumstances which may be shown to him "there has been such material change of the debtor's circumstances, as would entitle him to a discharge under the act." We cannot assume in this proceeding, as the petitioner desires us to do, that the respondent will not fully consider this question and determine the same in accordance with law. This petitioner can present to the respondent (5) at the hearing her claim that the debtor Holton transferred the shares of stock, above mentioned, to his wife in fraud of his creditors. If that claim of the petitioner is established before the respondent the debtor should not be permitted to take the oath, even if the respondent is satisfied on the full hearing that there has been a change of the debtor's circumstances since the hearing on his former petition. The form of oath set forth in the statute would preclude its administration to a debtor who had done any act whereby any of his creditors may be defrauded.

The petition for the writ of prohibition is denied and dismissed.

*Adoniram J. Cushing*, for petitioner.
*Joseph C. Cawley*, for respondent.