**BEDFORD et v CLEVELAND HEIGHTS (City) et**

Common Pleas Court, Cuyahoga Co.

No. 483,557.  Decided July 21, 1939.

234

## OPINION

By LAUSCHE, J.

The plaintiffs are the owners and occupants of a tract of land improved with a dwelling house on the northerly side of Bomon road in Cuyahoga County.

The defendant, since April, 1937, has been the owner and operator of a 200 acre hog farm in Brunswick township, Medina County, Ohio. Upon it he has built a hog barn 100 feet wide and 300 feet long and keeps thereon about 2,000 hogs.

The defendant, the City of Cleveland Heights, is a municipal corporation in Cuyahoga County and it has entered into a contract with the defendant Frank H. Harper under which the latter has agreed to receive, collect and dispose of all garbage accumulated from the residences and businesses of the city for a compensation of $1,800.00 each month.

The garbage acquired by the defendant Frank H. Harper is hauled from the city of Cleveland Heights each day except Sundays to his 200 acre farm, there deposited in the hog barn, fed to the pigs and the uneaten part used as fertilizer.

The plaintiffs herein have filed their petition in equity alleging that the defendants the city of Cleveland Heights and Frank H. Harper are jointly maintaining a nuisance on the Harper farm causing injury to their health and irreparably impairing the enjoyment of their property, and praying that a prohibitory injunction be issued against the defendants requiring the defendants to discontinue the nuisance. The defendants for their defense (A) challenge the legal propriety of Frank H. Harper being sued in Cuyahoga County; and (B) deny that a nuisance exists or is maintained in the Harper farm.

The testimony establishes that the proposal, made by the defendant Frank H. Harper in response to the City of Cleveland Heights' advertisement for bids, contained the statement that the garbage was to be fed to hogs, and that prior to the execution of the contract of January 5, 1939, the plaintiff through their counsel served notice upon the City of Cleveland Heights that the manner and method of disposing the garbage created a nuisance on the Harper farm.

An examination of the contract further establishes that the City of Cleveland Heights had the option and right at any time during the five year life of the contract to deliver at its own cost and expense all of said garbage and offal to Frank H. Harper's farm and that if the option is exercised, then the City of Cleveland Heights is to pay Frank H. Harper fifty cents per ton as compensation for disposing of said garbage.

In short, facts are established in this case indicating that on each day there is brought to the land of the defendant Frank H. Harper about thirty tons of garbage of which fifteen tons are eaten by approximately fifteen hundred hogs, and the residue, consisting of fifteen tons is practically each day plowed into the land of Mr. Harper's farm.

## IS A NUISANCE MAINTAINED ON THE FARM OWNED BY THE DEFENDANT?

Various witnesses have been called for and against the affirmative of the answer to the above question. An examination of the testimony with regard to the residences of the witnesses for the plaintiff shows that they reside at places which completely encompass the land of the defendant Frank H. Harper.

The witnesses for the defendant, on the other hand, principally reside on Route 42 in a southwesterly direction from the Harper farm. While a number of the defendants' witnesses testified that they never smelled any odors, yet Harvey Rayden, Arthur M. Barber,

Frank Smyth, and Elizabeth Smyth, also witnesses for the defendant, each testified that he or she smelled odors from the Harper farm.

It also appears that a number of the defendants' witnesses have been the gratuitous recipients of some of the garbage fertilizer or have occupied the relationship of employer or employee, directly or indirectly through their relatives, with Frank H. Harper. Moreover it appears that one group of defendants' witnesses is interested in a farm upon which the defendant Frank H. Harper has plowed up eight acres and planted it with soy beans.

Considerable stress was laid by counsel for the defendants to activities of Mr. Eysen who certainly has been most active in attempting to abate the condition existing on the Harper farm. If the condition exists as claimed by the witnesses for the plaintiff, is there any strangeness in the fact that out of all the aggrieved property owners there has risen one who has been the motivating factor in attempting to obtain relief?

Under such circumstances the natural development would be that some particular one of the injured citizens would become the primary opponent of the existing injustice.

In this case it was Mr. Eysen, but I fail to see how that fact in any manner adds or detracts from the merits of the plaintiffs' complaints.

Without attempting to further analyze the testimony, suffice it to say that under all of the submitted testimony my mind is inclined to ▮▮▮▮▮▮▮▮ ▮ the belief that the claim of the plaintiffs is true and that a nuisance is maintained on the Frank H. Harper farm.

UNDER THE ESTABLISHED FACT, AS HEREINBEFORE SET FORTH, ARE THE DEFENDANTS, SINCE IT IS ESTABLISHED THAT A NUISANCE EXISTS, JOINT TORT FEASORS AMENABLE TO A SINGLE ACTION BROUGHT BY AN INJURED PARTY AGAINST THEM AS JOINT DEFENDANTS?

Initially we must understand that a defendant can ordinarily only be sued in the county where he resides, and that therefore except in the presence of special conditions the defendant Frank H. Harper was subject to suit only in Medina County. However, under §11282 GC, a summons may be issued to another county in those cases where one or more of the defendants is rightly sued in the forum where the suit is instituted. The provisions of §11282 are as follows:

"Sec. 11282. When summons may issue to another county.—When the action is rightly brought in any county, according to the provisions of the next preceding chapter, a summons may be issued to any other county, against one or more of the defendants, at the plaintiff's request; but no maker or acceptor, or, if the bill is not accepted, no drawer, of an instrument for the payment of money only, shall be held liable in an action thereon, except on a warrant of attorney, in any county other than the one in which he, or one of the joint makers, acceptors or drawers, resides or is summoned."

From an examination of §11282, it is obvious that the service upon Frank H. Harper in Medina County can only be sustained in the event that it is shown that the City of Cleveland Heights was properly sued in Cuyahoga County, and that it actually participated in the creation and maintenance of the alleged nuisance. Concededly, if the proof fails to establish the City of Cleveland Heights is legally responsible for the disposition of the garbage made on the Harper Farm, then a decree must be entered for the defendant of the City of Cleveland Heights; and as a corollary for Frank H. Harper, for it would then manifestly appear that the action against the City of Cleveland Heights was not rightly brought.

The defendant the City of Cleveland Heights takes the position that Frank H. Harper occupies towards it the position of an independent contractor, and that in the disposition of the garbage he is free from any control or dominion exercised by the City of Cleveland Heights.

WAS THE DEFENDANT, FRANK H. HARPER, AN EMPLOYEE OR INDEPENDENT CONTRACTOR OF THE DEFENDANT, THE CITY OF CLEVELAND HEIGHTS?

An employe or servant is one who is subject to the control of his principal in the manner in which the work is to be done, as well as the character of the results to be accomplished. On the other hand an independent contractor is one who is only answerable to his principal for the results to be accomplished without being subject to his control regarding the time, the place, and the manner in which the work is to be done.

The contract as well as the testimony shows that the City of Cleveland Heights had no control nor right of control over the manner and the method in which the work is to be done. The defendant Frank H. Harper occupies a position of independence and is answerable to the City of Cleveland Heights only for the ultimate removal and disposition of the garbage. Thus it appears to me that Frank H. Harper's relationship to the City of Cleveland Heights comes within the definition of an independent contractor, and that the City of Cleveland Heights is not liable for his acts unless the character of the work performed by him for the City of Cleveland Heights is intrinsically dangerous and consequently is an exception to the rule immunizing an employer from liability for the torts of his independent contractor.

The law in Ohio also seems to be clearly established that the immunity against liability of a principal when work has been let to an independent contractor, does not apply when injury to a third person is the direct or natural result of the contemplated manner and method of doing the work, and not as the result of the negligent acts of the supposed independent contractor. If injuries are naturally to follow the performance of the work in the manner and method purposed by the contract and not as a consequence of the separate negligence of the contractor, the employer is liable for the resulting damages.

Carman v Steubenville & Indiana Ry. Co., 4 Oh St 339; Tiffin v McCormack, 34 Oh St 638; 32 Am. Rep. 408; 2 Mor. Min. Rep. 194; Hughes v Cincinnati & S. R. Co., 39 Oh St 461, affirming 7 O. Dec. Rep. 502, 3 Bull 558; Circleville v Neuding, 41 Oh St 465; Covington and C. Bridge Co. v Steinbrock, 61 Oh St 215, 76 Am. St. Rep. 375, 55 N. E. 618, 7 Am. Neg. Rep. 154, affirming 4 O. N. P. 229, 6 O. D. N. P. 328, and 5 O. N. P. 374, 7 O. D. N. P. 401. Richman Bros. v Miller, 131 Oh St 424, 6 OO 119.

In Carman v Steubenville and Indiana Ry. Co., 4 Oh St 417, the court in the opinion stated:

"But when the servant has done only that which the master commanded or permitted, the latter is chargeable as a joint participator in the wrong, and made liable for his own unlawful conduct, in the same manner as though no such relation had existed."

Again in the City of Tiffin, 34 Oh St 642, we find the statement:

"Where the prosecution of the work as authorized by him necessarily produces the injury, he, as well as his contractor, is responsible for the damage. McCafferty v Railroad Co., 61 N. Y. 178. And again, when the contractor prosecutes his work in the manner authorized by the employer in the express terms of the contract, the employer must be regarded as having assented to, and as procuring the unlawful act to be done, and is, therefore, liable as a joint wrongdoer."

Moreover we find the Supreme Court in Railroad Co. v Morey, 47 Oh St 207, approving the following charge given by a trial judge to a jury in a personal injury action:

"If the necessary or probable effect of the performance of the work would be to injure third persons, or create a nuisance, then the defendant is not relieved from liability, because the

work was done by a contractor over which it had no control in the mode and manner of doing it."

Then again in **Hughes v Railroad Co., 39 Oh St 476,** Judge McIlvaine said that:

"The employer can not relieve himself from liability, by contracting with others for the performance of work, where the necessary or probable effect of the performance of the work would injure third persons."

**Covington & C. Bridge Co. v Steinbrock, 61 Oh St 215,** excellently discusses the liability of an employer for the injuries resulting from work let to an independent contractor. Therein we find quotations from Bower v Peate, 1 L. R. Q. B. Div. 321, and Hardacker v Idle Dist. Council, 1 L. R. Q. B. Div. 335, the English cases which announce the rule that has been followed by the Ohio cases as recently as 1936 in the case of Richman Bros. v Miller, supra.

The defendant the City of Cleveland Heights further relies upon Reifsnyder, et v Canton, 90 A. 161, in support of its position that the City of Cleveland Heights is not a proper party defendant to this action. The court in that case, indeed, in its opinion stated that the city of Canton was neither a necessary nor a proper party defendant, and therefore swept aside the contention of the defendant Canton Fertilizer Company that the action of Mr. Reifsnyder must fail because of an absence of proper parties defendant. But a treatment by that court of the propriety of making the City of Canton a party defendant to the action was not a prerequisite to the right of granting relief to the plaintiff, for joint tort feasors can be sued either jointly or severally.

The plaintiff chose only to sue the Canton Fertilizer Company, and that, he had a perfect right to do. He might have chosen to sue the City of Canton and the Canton Fertilizer Company, and to do that, in my opinion, he would have had a perfect right.

Whether an action against the Canton Fertilizer Company and the City of Canton was subject to a demurrer on the grounds of misjoinder was not before that court. It therefore seems to me that its expression that the city of Canton was not a proper party defendant, made under the circumstances hereinbefore indicated, must be viewed with caution.

Counsel for plaintiff has cited the case of **Bruce Tibbits v City of Toledo et,** No. 154,099 of the Common Pleas Court of Lucas County, which in my opinion is authority for the proposition that the municipality and a civilian wrongdoer can be joined in an action for tort growing out of the joint violation of a common law duty to a third person.

Did the City of Cleveland Heights in December, 1938, before it executed its last contract with Frank H. Harper, know that the letting of the garbage disposal work to Frank H. Harper in its natural consequences was probably to visit injury upon the legal use and enjoyment of the land of Frank H. Harper's neighbors?

If it did, then in my opinion it can not now claim exemption from liability on the grounds that Frank H. Harper was an independent contractor.

The facts in the case before the bar clearly indicate that the contemplated manner and the method in which the work was to be done, not only with probability but also with certainty, was to create a nuisance affecting the plaintiff and other property owners in the enjoyment of their lives and property. The City of Cleveland Heights knew that under its alleged independent contractor relationship about thirty tons of garbage and offal was each day except Sunday to be deposited upon Frank H. Harper's land and there fed to about 1500 wallowing, milling hogs. It also by letters was informed that the quantity of garbage disposed of in the manner described in the evidence was creating a nuisance. But in spite of the information of what the natural consequences of letting the work would be, it saw fit to entrust its performance in a manner destined inevitably to produce injury.

To me it seems, and I so hold, that the City of Cleveland Heights can not under such circumstances claim immunity from responsibility caused by the nuisance. In accordance with the foregoing a decree shall be entered for the plaintiffs.